IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

02 FEB -6 PM 1:42

MICHAEL GIRON,

Plaintiff,

v.   No. CIV-01-0700 M/RLP

GARY E. JOHNSON, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a number of motions to dismiss (Doc. #11, #13, #15, #17, and #19) filed by Defendants Johnson, New Mexico Department of Corrections ("DOC"), Perry, Shanks, Bustos, and Serna (the "Defendants").[1] Plaintiff is a former New Mexico state prisoner. For the reasons below, the motions will be granted and Plaintiff's complaint will be dismissed.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1 Plaintiff alleges he was transferred even though he did not participate in the disturbance, given no prior notice or explanation for the transfer, improperly placed in maximum security, and subjected to excessive force. He asserts these actions violated his federal and state constitutional rights of due process and equal protection. Count 2 claims the harsh conditions during and after transfer were inflicted pursuant to pattern,

---

[1] Plaintiff's claims against the Virginia Defendants have been dismissed. Deputy Corrections Secretary Jerry Tafoya has entered his appearance in this proceeding, and he is identified as a Defendant in the answer and as a movant in the motions to dismiss. Mr. Tafoya is not named as a Defendant in the complaint, and the file does not indicate that he was served with process.



practice or policy and violated federal and state constitutional protections against cruel and unusual punishment. In Count 3 Plaintiff alleges he was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 asserts that Plaintiff is a third-party beneficiary to an "Interstate Compact" that was violated by the transfer and by related conditions of his confinement. Count 5 asserts claims based on respondeat superior liability, and Count 6 claims that Defendants conspired to violate Plaintiff's various constitutional protections. Count 7 claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. Defendants are named in their individual and official capacities. The complaint seeks damages and prospective equitable relief. Plaintiff has not responded to the motions to dismiss.

## Motion to Dismiss No. I

The first motion (Doc. #11) seeks dismissal of claims against Defendants in their official capacities, and of the equal protection and punitive damages claims. Defendants correctly argue that claims against them in their official capacities are equivalent to a suit against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against these Defendants fail to state claims against "persons" for purposes of §1983. *Will*, 491 U.S. at 71. Furthermore, because Plaintiff makes no allegation that he is currently being denied constitutional rights, his claims against these Defendants for injunctive relief are frivolous. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("when there is 'no ongoing violation of federal law,' 'a suit against a state officer--a suit the decision of which will as a practical matter bind the state--should be treated for what it is: a suit against the state.' ") (citations omitted); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Ramirez v.*

*Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Plaintiff's claims--for compensatory and punitive damages as well as injunctive relief--against Defendants in their official capacities will be dismissed.

Defendants also contend, correctly, that Plaintiff's allegations do not support Equal Protection claims. Plaintiff "is not a member of a suspect class nor did [his transfer amount to] the deprivation of a fundamental right." *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL 633244, at \*\*4 (10th Cir. May 17, 2000). Furthermore, Plaintiff's claims against Defendants in their individual capacities for punitive damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -29 (Michie 1996 and Cum. Supp. 2001), are precluded in the statute and will be dismissed. § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M. 1990). Defendants' first motion to dismiss will be granted.

## Motions to Dismiss Nos. II and III

Defendants' second motion (Doc. #13) argues that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of his due process rights. Defendants also assert qualified immunity to this claim. Plaintiff did not file a response to this motion. As a matter of procedural due process, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, the complaint does not support a substantive due process claim. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (no substantive violation where

3

solitary conditions "mirrored those conditions ... in administrative segregation"). The second motion will be granted.

The third motion to dismiss (Doc. #15) argues that Plaintiff's allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. Plaintiff did not file a response to this motion, and this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ 7.5(b). Furthermore, upon review of Plaintiff's allegations, it is clear that the alleged conduct of the New Mexico Defendants did not amount to Eighth Amendment violations. Except for the transfer itself, the alleged abuses did not occur until Plaintiff arrived in Virginia. This motion will be granted on the merits.

## Motion to Dismiss No. IV

In their fourth motion (Doc. #17), Defendants seek dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 for conspiracy and for violations of the Fourth Amendment. Plaintiff's allegations do not support a Fourth Amendment claim, even assuming for purposes of this opinion that a policy or action of the New Mexico Defendants somehow caused the alleged searches. Although "prisoners do retain a limited constitutional right to bodily privacy," *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), "[c]ourts must give great deference to the decisions of prison officials . . . [that are] 'reasonably related to legitimate penological interests,' " *id.* at 70 F.3d at 1146 (quoting *Turner v. Safley*, 482 U.S. 78, 85-86, 89 (1987). Here, although Plaintiff denies participation in the New Mexico disturbance, the transfer of inmates was for security reasons, and Plaintiff makes no allegation that the searches were, e.g., retaliatory or violative of religious beliefs. Plaintiff's claim under the Fourth Amendment will be dismissed.

Plaintiff's allegations do not implicate the provisions of § 1985 or § 1986. " '[I]n the absence

of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under §1985.' " *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (quoting *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (per curiam). Furthermore, "there can be no valid claim under §1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under §1985." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

Plaintiff's § 1983 conspiracy claim will also be dismissed, based on the dismissals herein of all his other federal claims. Relief can only be granted on conspiracy claims under § 1983 if the object of the conspiracy was to deny Plaintiff a federally protected right. Defendants "may not be held liable under this theory . . . if there are no underlying constitutional violations." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Defendants' fourth motion will be granted.

### Motion to Dismiss No. V

In their fifth motion to dismiss, Defendants seek dismissal of Plaintiff's claims for violations of state constitutional protections and for infliction of emotional distress. Again, Plaintiff has not responded. These claims will be dismissed because the New Mexico Defendants are immune to such claims. The New Mexico Tort Claims Act (the "Act") provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the secretary of corrections and prison wardens are not law enforcement officers

5

for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds*, *Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the named New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). Defendants' fifth motion to dismiss will be granted.

Last, Counts 4 and 5 will be dismissed sua sponte. Count 4 asserts a claim for violation of state law and will be dismissed under the Court's discretionary authority to decline to exercise supplemental jurisdiction when all federal claims have been dismissed. 28 U.S.C. § 1367(a); *Evitt v. Durland*, No. 00-6130, 2000 WL 1750512, at *2 (10th Cir. Nov. 28, 2000). Count 5, which asserts supervisory and management liability, will be dismissed as moot because all substantive claims have been dismissed. Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Doc. #11, #13, #15, #17, and #19) are GRANTED, Plaintiff's complaint will be DISMISSED with prejudice, and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE